**UNITED STATES of America, Plaintiff,**

v.

**Lloyd Warren FORREST, Defendant.**

**No. 68–CR–132.**

United States District Court
E. D. Wisconsin.

June 30, 1969.

---

Robert J. Lerner, U. S. Atty., by Richard E. Reilly, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Charles W. Foran, Milwaukee, Wis., for defendant.

### OPINION AND ORDER

REYNOLDS, District Judge.

The defendant, Lloyd Warren Forrest, is charged in a one-count indictment with forcibly assaulting, resisting, opposing, and interfering with James E. McDermott, an agent of the Federal Bureau of Investigation, while such agent was engaged in the performance of his official duties and knowing McDermott was such agent, in violation of Title 18, United States Code, § 111. Trial to the court was held on February 17, 1969, and the court found the defendant guilty as charged. On February 19, 1969, the defendant's brother, Lee Dennis Forrest, was tried by a jury in this court for a violation of the same statute due to conduct in the same incident. The jury found Lee Dennis Forrest not guilty of the crime charged.

After a hearing on February 25, 1969, the court ordered the judgment against Lloyd Warren Forrest vacated and set aside and that further testimony be taken. At the hearing, the United States stipulated that the testimony previously taken in the trial of Lee Dennis Forrest could be incorporated in the record of this case.

Therefore, on the basis of the record in this case, including the testimony taken in the trial of Lee Dennis Forrest and incorporated by stipulation in the record of this case, I make the following FINDINGS AND CONCLUSIONS:

James E. McDermott was employed as a Special Agent of the Federal Bureau of Investigation (hereinafter "F.B.I.") on November 16, 1968, and was on official duty on that date. Craig Gordon Forrest, brother of the defendant, was declared a deserter by the United States Army on September 16, 1968. Special Agents of the F.B.I. are empowered to arrest deserters from the Armed Services, and such arrests are among their official duties.

Special Agent James Vatter of the F.B.I. received a telephone call from Mrs. Gertrude Forrest at approximately 12:00 midnight on November 16, 1968. Mrs. Gertrude Forrest, mother of the defendant, informed Special Agent Vatter that the Forrest brothers—Lee, Craig, and the defendant—were at the Oasis Bar, South 11th Street, Milwaukee, Wisconsin, and that there was a possibility a fight or confrontation was going to occur between the three brothers and another group of individuals.

The defendant, Lloyd Warren Forrest, and his brothers were in fact on the 16th day of November, 1968, at approximately 1:55 A.M., expecting a fight with a group of individuals upon their emergence from the Oasis Bar.

Subsequent to the phone call from Mrs. Forrest, Special Agents James Vatter, James E. McDermott, Randall C. Scott, and Donald E. Reilly of the F.B.I. proceeded to the vicinity of South 11th Street and Lincoln Avenue in Milwaukee, Wisconsin, to arrest Craig Gordon Forrest as a deserter. The agents had in their possession a photograph of Craig and a Defense Department form declaring Craig a deserter from the U. S. Army. Agents Reilly and Vatter were dressed in coat and tie. Agents Scott and McDermott were wearing sports clothing. The agents are young looking men.

The agents were traveling in a 1968 Plymouth automobile belonging to the F.B.I., which automobile bore no markings to indicate it belonged to the F.B.I., and no markings to indicate it was in any manner connected with law enforcement.

At approximately 1:55 A.M. on November 16, 1968, the agents observed the three brothers walking together along South 11th Street. The agents immedi-

ately pulled up and stopped the car next to the brothers as they were walking on 11th Street. McDermott and Scott jumped out of the vehicle and stated they were F.B.I. agents, while at the same time grabbing the brothers. The agents at that time had no indication that the brothers knew they were from the F.B.I.

Lloyd Warren Forrest and his brothers were expecting a fight from another group of individuals when they were approached by the F.B.I. agents, and the F.B.I. knew this. There is a reasonable doubt that Lloyd Warren Forrest heard or understood the identification of Agent McDermott. In fact, I believe that the agents of the F.B.I.—Vatter, McDermott, Scott, and Reilly—were mistaken for that group of individuals with whom the brothers expected a fight.

Agent McDermott was shoved or pushed by the defendant, Lloyd Warren Forrest. After being shoved or pushed, Agent McDermott drew his service revolver, identified himself as an agent of the F.B.I., placed Lloyd Warren Forrest under arrest, and handcuffed him. Agent McDermott showed his credentials to Lloyd Warren Forrest for the first time after Lloyd Warren Forrest was handcuffed.

At the first hearing, I did not believe the boys' story that they were expecting a fight. During the trial of Lee Dennis Forrest, this story was corroborated by the testimony of their mother as well as the F.B.I. agents.

On the basis of the foregoing facts, I conclude that Lloyd Warren Forrest did not know that James McDermott was an agent of the F.B.I. at the time he admittedly shoved McDermott. It follows, therefore, that Lloyd Warren Forrest did not assault Agent McDermott while knowing him to be such agent and did not violate Title 18, United States Code, § 111.

The foregoing constitute the findings of fact and conclusions of law in this case.

It is therefore ordered that the defendant, Lloyd Warren Forrest, shall be and he hereby is acquitted of violation of Title 18, United States Code of Laws, § 111, as charged in the indictment. The clerk of court is directed to enter judgment in accordance with these findings.